IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIN PAYNE-BOWMAN & BRIAN BOWMAN, | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 08-4588 (JBS/KMW) |
| v. | **MEMORANDUM OPINION** |
| AVNER M. ROM, et al., | |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Defendants' motion for summary judgment [Docket Item 10]. Plaintiff Erin Payne-Bowman and her husband, Brian Bowman, commenced this suit against Defendant Avner M. Rom and Apollo Auto Sales, Inc., for personal injuries to Mrs. Payne-Bowman, arising from a motor vehicle accident in Bellmawr, New Jersey. The recovery of damages for personal injuries depends upon a showing of permanency within N.J. Stat. Ann. § 39:6A-8(a). This motion implicates the procedure to be applied when a plaintiff is tardy in supplying the physician's certification of permanent injury under New Jersey motor vehicle law.   THIS COURT FINDS AS FOLLOWS

   1. On June 25, 2009, Defendants moved for summary judgment in this tort action based on Plaintiff's failure to submit a physician certification pursuant to N.J. Stat. Ann. § 39:6A-8(a) or otherwise prove the permanency of the alleged injury as

required by New Jersey law.

2. In response to the motion for summary judgment, Plaintiff provided a physician's certification of permanency on July 30, 2009, and further identified a report sent to Defendant on May 26, 2009 with regard to the character of the injuries. (Pl.'s Br. Opp. Summ. J., Ex-B.)

3. Defendants maintain in their reply brief that the lateness of the certification means that the action should still be dismissed even though the certification was eventually provided. The certification was provided outside of the statutory deadline, § 39:6A-8(a), and only after the motion for summary judgment was filed at the close of pre-trial factual discovery.

4. The New Jersey Supreme Court considered the issue of tardy physician certifications at length in <u>Casinelli v. Manglapus</u>, 858 A.2d 1113 (N.J. 2004):

> We view the tardy presentation of a physician certification as falling under the broad umbrella of failure to make discovery, thus subject to the arsenal of remedies provided in our rules for such procedural errors. Put another way, the court has available to it, along with dismissal, where warranted, discovery-type sanctions such as orders to compel, the award of reasonable expenses incurred in obtaining the certification, and counsel fees. In each case, the court should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the certification, the proximity of trial, and prejudice to the adversary, and apply the appropriate remedy.

<u>Id.</u> at 1119-20. The opinion makes it clear that dismissal in

such cases is not compelled by the statute as a matter of law, as Defendants contend.  Instead, failure to comply with the statute is to be viewed as a discovery problem subject to discretionary sanctions.  See id.; see also Jimenez v. Marnell, Civ. No. 06-2676, 2008 WL 4276933, at *3-5 (D.N.J. Sep 11, 2008).

5. The Court has not been presented with the kind of evidence necessary to determine the appropriate discovery sanction, if any.  Defendants' motion for summary judgment will therefore be denied without prejudice to any defendant filing a motion for discovery sanctions that contains the information necessary to assess such a request (i.e., addressing the Casinelli factors in the particular circumstances of this case).  The accompanying Order shall be entered.


**January 5, 2010**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 United States District Judge